# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Case No. 13-529V
**Filed: August 30, 2016**
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
MEGAN MORGAN,                          *
                                       *
           Petitioner,                 *    Decision on Damages; Human
v.                                     *    Papillomavirus Vaccine;
                                       *    Ulcerative Colitis.
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
           Respondent.                 *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Thomas S. Reavely, Whitfield & Eddy, P.L.C., Des Moines, IA for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC for respondent.

### DECISION ON DAMAGES[1]

**Gowen**, Special Master:

      On July 31, 2013, Megan Morgan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she developed ulcerative colitis as a result of receiving a human papillomavirus vaccine ("HPV") on August 9, 2010. On December 10, 2010, the undersigned issued a ruling on entitlement finding that petitioner was entitled to compensation.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On August 29, 2016, respondent filed a proffer on an award of compensation, indicating that petitioner has agreed to compensation in the amount of $800,000.00, to be paid to petitioner only, for future care expenses ($100,000.00), loss of earnings ($465,469.40), pain and suffering ($225,000.00), and past unreimburseable expenses ($9,530.60). Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $800,000.00, representing compensation for future care expenses ($100,000.00), loss of earnings ($465,469.40), pain and suffering ($225,000.00), and past unreimburseable expenses ($9,530.60), in the form of a check payable to petitioner, Megan Morgan.**

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| MEGAN MORGAN, | ) ) ) | |
| Petitioner, | ) ) | No. 13-529V  ECF |
| v. | ) ) ) | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Procedural History**

On July 31, 2013, Megan Morgan ("petitioner") filed a petition for compensation, alleging that she developed ulcerative colitis that cased caused-in-fact by her receipt of a human papillomavirus vaccine on August 9, 2010. An entitlement hearing was held on January 13, 2015. In a ruling on entitlement, filed on December 10, 2015, the Special Master concluded that petitioner was entitled to compensation.

**II.     Items of Compensation**

     A.      **Future Care Expenses**

Evidence supplied by petitioner documents projected future care expenses stemming from her vaccine-related injury. Respondent proffers that petitioner should be awarded $100,000.00 for future care expenses. Petitioner agrees.

     B.      **Loss of Earnings**

Evidence supplied by petitioner documents past and future loss on earnings as a result of her vaccine-related injury. Respondent proffers that petitioner should be awarded $19,173.85 for past loss of earnings, and $446,295.55 for future loss of earnings. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $225,000.00 in past and future pain and suffering. Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $9,530.60. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against her.

    F.    <u>Guardianship</u>

Because petitioner is a competent adult, evidence of guardianship is not required.

## III. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of **$800,000.00**, representing compensation for future care expenses ($100,000.00), loss of earnings ($465,469.40), pain and suffering ($225,000.00), and past unreimbursable expenses ($9,530.60), in the form of a check payable to petitioner.

                        Respectfully submitted,

                        BENJAMIN C. MIZER
                        Principal Deputy Assistant Attorney General

                        C. SALVATORE D'ALESSIO
                        Acting Director
                        Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future care expenses, future lost earnings, and future pain and suffering.

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357

Dated:  August 29, 2016         Fax: (202) 616-4310