# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-529V
**Filed: September 13, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MEGAN MORGAN, | * | UNPUBLISHED |
| | * | |
| | * | |
| Petitioners, | * | Special Master Gowen |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

<u>Thomas S. Reavely</u>, Whitfield & Eddy, P.L.C., Des Moines, IA, for petitioner.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 31, 2013, Megan Morgan ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that she developed ulcerative colitis as a result of receiving a human papillomavirus ("HPV") vaccine on August 9, 2010.  On December 10, 2010, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation.  On August 29, 2016, respondent filed a proffer on an award of compensation, and the undersigned issued a Decision on Damages pursuant to the terms of the proffer on August 30, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 9, 2016, petitioners filed an unopposed motion for attorneys' fees and costs, requesting $110,000.00 in attorneys' fees and costs.  Petitioner's ("Pet.")  Motion ("Mot.") at 1.  In compliance with General Order #9, petitioner states that she did not incur any costs related to this matter.  <u>See</u> Pet. Second Mot., Exhibit 1.  Petitioner's application states that "[r]espondent's counsel has stated that Respondent does not oppose this motion."  Pet. Mot. at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e).  Based on the reasonableness of petitioners' request and the lack of objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

(1)     **A lump sum of $110,000.00, payable jointly to petitioner and petitioner's counsel, Thomas S. Reavely of Whitfield and Eddy P.L.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.